# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| SALIX PHARMACEUTICALS, INC., SALIX PHARMACEUTICALS, LTD., ALFASIGMA S.P.A. and BAUSCH HEALTH IRELAND LTD., <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC., <br><br> Defendant. | Case No: 1:25-cv-24 Kleeh <br><br> **COMPLAINT** <br> *Document Filed Electronically* <br><br> ELECTRONICALLY FILED <br> 3/26/2025 <br> U.S. DISTRICT COURT <br> Northern District of WV |

Plaintiffs Salix Pharmaceuticals, Inc., Salix Pharmaceuticals, Ltd., Alfasigma, S.p.A., and Bausch Health Ireland, Ltd. (collectively, "Salix"), by their attorneys, Morgan, Lewis & Bockius LLP, file this Complaint for patent infringement against Mylan Pharmaceuticals Inc. ("Mylan" or "Defendant") and hereby allege as follows:

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, arising out of Mylan's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import generic versions of Xifaxan® (rifaximin tablets, 550 mg) prior to the expiration of U.S. Patent Nos. 11,779,571 ("'571 Patent"), 11,564,912 ("'912 Patent"), and 8,193,196 ("'196 Patent"), (collectively, "Xifaxan® Patents" or "Patents-in-Suit").

2. By letter dated February 11, 2025 ("Notice Letter"), Mylan notified Salix it had submitted to FDA ANDA No. 219687 ("Mylan's ANDA"), seeking approval from FDA to engage in the commercial manufacture, use, and/or sale of generic rifaximin 550 mg tablets ("ANDA

Product") under 21 U.S.C. § 355(j) prior to the expiration of the Xifaxan® Patents. The Notice Letter states Mylan received a Paragraph IV acceptance acknowledgement receipt letter from the FDA.

## PARTIES

3.  Plaintiff Salix Pharmaceuticals, Inc. is a corporation organized and existing under the laws of California having its principal place of business at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

4.  Plaintiff Salix Pharmaceuticals, Ltd. is a corporation organized and existing under the laws of Delaware having its principal place of business at 400 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

5.  Plaintiff Alfasigma S.p.A. is a corporation organized and existing under the laws of Italy having a principal place of business at Via Ragazzi del '99, 5, 40133 Bologna, Italy.

6.  Plaintiff Bausch Health Ireland Ltd. is a company organized and existing under the laws of Ireland having an office at 3013 Lake Drive, Citywest Business Campus, Dublin 24, D24 PPT3, Ireland.

7.  On information and belief, Defendant Mylan Pharmaceuticals Inc. is a corporation organized and existing under the laws of West Virginia, having a principal place of business at 3711 Collins Ferry Road, Morgantown, West Virginia 26505, and other places of business within West Virginia. On information and belief, Mylan is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market. On information and belief, Mylan submitted Mylan's ANDA to the FDA from its office in Morgantown, West Virginia and therefore infringed the Xifaxan® Patents in West Virginia.

8. On information and belief, if Mylan's ANDA were approved, Mylan would directly or indirectly market, sell, and distribute the ANDA Product throughout the United States, including in West Virginia.

9. On information and belief, following any FDA approval of Mylan's ANDA, Mylan would distribute and sell the ANDA Product throughout the United States, including within West Virginia.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

11. Mylan is subject to personal jurisdiction in West Virginia because, among other things, it has purposely availed itself of the benefits and protections of West Virginia's laws such that it should reasonably anticipate being haled into court here. Mylan is a corporation organized and existing under the laws of the West Virginia, is qualified to do business in West Virginia, has its principal place of business in West Virginia, and has appointed a registered agent for service of process in West Virginia. It therefore has consented to general jurisdiction in West Virginia. On information and belief, Mylan develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in West Virginia, and therefore transacts business within West Virginia related to Salix's allegations, and/or has engaged in systematic and continuous business contacts within West Virginia.

12. On information and belief, if Mylan's ANDA is approved, Mylan will directly or indirectly manufacture, market, sell, and/or distribute the ANDA Product within the United States, including in West Virginia, consistent with Mylan's practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Mylan regularly does

business in West Virginia, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in West Virginia. On information and belief, Mylan's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in West Virginia. On information and belief, the ANDA Product will be prescribed by physicians practicing in West Virginia, dispensed by pharmacies located within West Virginia, and used by patients in West Virginia. Each of these activities would have a substantial effect within West Virginia and would constitute infringement of the Patents-in-Suit in the event the ANDA Product is approved before the Patents-in-Suit expire.

13. Venue is proper in this district as to Mylan pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other things, Mylan is a corporation organized and existing under the laws of West Virginia, has its principal place of business in West Virginia, and is subject to personal jurisdiction in this judicial district.

## THE XIFAXAN® NDA

14. Salix Pharmaceuticals, Inc. holds the approved New Drug Application ("NDA") Nos. 021361 and 022554 (a supplement to NDA No. 021361 that was granted a new NDA number for Xifaxan® (rifaximin) 550 mg tablets).

15. FDA approved NDA No. 021361 for Xifaxan® 200 mg tablets on May 25, 2004, and approved NDA No. 022554 for Xifaxan® 550 mg tablets on March 24, 2010. Xifaxan® 550 mg tablets are indicated for the reduction in risk of overt hepatic encephalopathy recurrence in adults and the treatment of irritable bowel syndrome with diarrhea ("IBS-D") in adults.

## THE PATENTS-IN-SUIT

16.   On October 10, 2023, the '571 Patent, titled "Methods for Treating Irritable Bowel Syndrome (IBS)," was duly and legally issued to Salix Pharmaceuticals, Inc. as assignee. A true and correct copy of the '571 Patent is attached hereto as **Exhibit A**.

17.   On January 31, 2023, the '912 Patent, titled "Methods for Treating Irritable Bowel Syndrome (IBS)," was duly and legally issued to Salix Pharmaceuticals, Inc. as assignee. A true and correct copy of the '912 Patent is attached hereto as **Exhibit B**.

18.   On June 5, 2012, the '196 Patent, titled "Polymorphous Forms of Rifaximin, Processes for their Production and Use thereof in the Medicinal Preparations," was duly and legally issued to Alfa Wassermann, S.p.A. as assignee. AlfaSigma, S.p.A. is the successor to Alfa Wasserman, S.p.A. by operation of law. A true and correct copy of the '196 Patent is attached hereto as **Exhibit C**.

19.   In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, the '571 Patent, '912 Patent, and '196 Patent are listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (also known as the "Orange Book") for Xifaxan®.

20.   Pursuant to agreements entered into between Bausch Health Ireland Ltd., Salix Pharmaceuticals, Inc., and Alfasigma S.p.A., Bausch Health Ireland Ltd. and Salix Pharmaceuticals, Inc., have substantial rights in the '196 Patent, including, but not limited to, an exclusive license to the '196 Patent in the United States and the right to sue for infringement of the '196 Patent in the United States. Pursuant to the agreements, Salix Pharmaceuticals, Inc. is the sole distributor in the United States of Xifaxan® tablets.

## CLAIMS FOR RELIEF – PATENT INFRINGEMENT

21. On information and belief, Mylan submitted ANDA No. 219687 to FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act, seeking approval to engage in the commercial manufacture, use, and sale of Mylan's ANDA Product as a generic version of Xifaxan® 550 mg tablets.

22. On information and belief, Mylan's ANDA seeks FDA approval of Mylan's ANDA Product for the indication of the treatment of IBS-D in adults.

23. The Notice Letter states Mylan's ANDA includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") regarding patents relating to Xifaxan®, including the Xifaxan® Patents, and in Mylan's opinion, certain claims of the Xifaxan® Patents are invalid, unenforceable, and/or not infringed.

24. On information and belief, Mylan's statements of the factual and legal bases for its assertions regarding non-infringement and invalidity of the Xifaxan® Patents are devoid of an objective good faith basis in either facts or the law. This case is exceptional.

25. An actual, real, immediate, and justiciable controversy exists between Salix and Mylan regarding the infringement, validity, and enforceability of the Xifaxan® Patents.

26. Salix is commencing this action within 45 days of receiving the Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

## COUNT I
**(Infringement of the '571 Patent)**

27. Salix incorporates the allegations in the preceding paragraphs as if fully set forth herein.

28. By submitting the Mylan ANDA to FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale and/or

importation of Mylan's ANDA Product throughout the United States, including West Virginia, prior to the expiration of the '571 Patent, Mylan committed an act of infringement of the '571 Patent under 35 U.S.C. § 271(e)(2)(A).

29. The '571 Patent claims, *inter alia*, methods of treating diarrhea-associated irritable bowel syndrome with rifaximin.

30. Mylan's manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Product prior to the expiration of the '571 Patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '571 Patent under 35 U.S.C. §§ 271(b) and/or (c), either literally or under the doctrine of equivalents.

31. On information and belief, Mylan's ANDA Product, if approved by FDA, will be prescribed and administered to human patients, including females, to relieve the signs and symptoms of irritable bowel syndrome with diarrhea in patients, which uses will constitute direct infringement of one or more claims of the '571 Patent.

32. On information and belief, these directly infringing uses will occur with Mylan's specific intent and encouragement and will be uses Mylan knows or should know will occur.

33. On information and belief, Mylan will actively induce, encourage, and aid and abet this prescription and administration, with the knowledge and specific intent these uses will be in contravention of Salix's rights under the '571 Patent.

34. On information and belief, Mylan knows or should know Mylan's ANDA product will be especially made or adapted for use in infringing the '571 Patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

35. On information and belief, Mylan knows or should know its commercial manufacture, use, offer for sale, sale and/or importation of Mylan's ANDA Product prior to the '571 Patent's expiry will induce the direct infringement of one or more claims of the '571 Patent.

36. On information and belief, Mylan's acts will be performed with knowledge of the '571 Patent and with intent to encourage infringement prior to the '571 Patent's expiry.

37. Mylan was aware of the existence of the '571 Patent and its listing in the Orange Book as demonstrated by Mylan's reference to the '571 Patent in the Notice Letter.

38. Salix will be substantially and irreparably harmed by these infringing activities unless those activities are enjoined by this Court. Salix does not have an adequate remedy at law.

## COUNT II
### (Infringement of the '912 Patent)

39. Salix incorporates the allegations in the preceding paragraphs as if fully set forth herein.

40. By submitting the Mylan ANDA to FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Mylan's ANDA Product throughout the United States, including West Virginia, prior to the expiration of the '912 Patent, Mylan committed an act of infringement of the '912 Patent under 35 U.S.C. § 271(e)(2)(A).

41. The '912 Patent claims, *inter alia*, methods of treating diarrhea-associated irritable bowel syndrome with rifaximin.

42. Mylan's manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Product prior to the expiration of the '912 Patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '912 Patent under 35 U.S.C. §§ 271(b) and/or (c), either literally or under the doctrine of equivalents.

43. On information and belief, Mylan's ANDA Product, if approved by FDA, will be prescribed and administered to human patients, including females, to relieve the signs and symptoms of irritable bowel syndrome with diarrhea in patients, which uses will constitute direct infringement of one or more claims of the '912 Patent.

44. On information and belief, these directly infringing uses will occur with Mylan's specific intent and encouragement and will be uses Mylan knows or should know will occur.

45. On information and belief, Mylan will actively induce, encourage, and aid and abet this prescription and administration, with the knowledge and specific intent these uses will be in contravention of Salix's rights under the '912 Patent.

46. On information and belief, Mylan knows or should know Mylan's ANDA product will be especially made or adapted for use in infringing the '912 Patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

47. On information and belief, Mylan knows or should know its commercial manufacture, use, offer for sale, sale and/or importation of Mylan's ANDA Product prior to the '912 Patent's expiry will induce the direct infringement of one or more claims of the '912 Patent.

48. On information and belief, Mylan's acts will be performed with knowledge of the '912 Patent and with intent to encourage infringement prior to the '912 Patent's expiry.

49. Mylan was aware of the existence of the '912 Patent and its listing in the Orange Book as demonstrated by Mylan's reference to the '912 Patent in the Notice Letter.

50. Salix will be substantially and irreparably harmed by these infringing activities unless those activities are enjoined by this Court. Salix does not have an adequate remedy at law.

## COUNT III
### (Infringement of the '196 Patent)

51. Salix incorporates the allegations in the preceding paragraphs as if fully set forth herein.

52. By submitting the Mylan ANDA to FDA to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Mylan's ANDA Product throughout the United States, including West Virginia, prior to the expiration of the '196 Patent, Mylan committed an act of infringement of the '196 Patent under 35 U.S.C. § 271(e)(2)(A).

53. The '196 Patent claims, *inter alia*, a composition comprising a polymorphic form of rifaximin and methods of treating bacterial activity in the gastrointestinal tract using a composition comprising a polymorphic form of rifaximin.

54. On information and belief, Mylan's manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Product prior to the expiration of the '196 Patent, including any applicable exclusivities or extensions, will infringe one or more claims of the '196 Patent under 35 U.S.C. §§ 271(a), (b) and/or (c), either literally or under the doctrine of equivalents.

55. On information and belief, Mylan's ANDA Product, if approved by FDA, will be prescribed and administered to human patients to relieve the signs and symptoms of irritable bowel syndrome with diarrhea in patients, which uses will constitute direct infringement of one or more claims of the '196 Patent.

56. On information and belief, these directly infringing uses will occur with Mylan's specific intent and encouragement and will be uses Mylan knows or should know will occur.

57. On information and belief, Mylan will actively induce, encourage, and aid and abet this prescription and administration, with the knowledge and specific intent these uses will be in contravention of Salix's rights under the '196 Patent.

58. On information and belief, Mylan knows or should know Mylan's ANDA product will be especially made or adapted for use in infringing the '196 Patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

59. On information and belief, Mylan knows or should know its commercial manufacture, use, offer for sale, sale and/or importation of Mylan's ANDA Product prior to the '196 Patent's expiry will induce the direct infringement of one or more claims of the '196 Patent.

60. On information and belief, Mylan's acts will be performed with knowledge of the '196 Patent and with intent to encourage infringement prior to the '196 Patent's expiry.

61. Mylan was aware of the existence of the '196 Patent and its listing in the Orange Book as demonstrated by Mylan's reference to the '196 Patent in the Notice Letter.

62. Salix will be substantially and irreparably harmed by these infringing activities unless those activities are enjoined by this Court. Salix does not have an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Salix requests the following relief:

i. A judgement that the commercial manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product, or any other drug product whose use is covered by the Patents-in-Suit, prior to the expiration of the Patents-in-Suit, will infringe and induce infringement of the Patents-in-Suit;

ii. A judgment that the Patents-in-Suit have been infringed under 35 U.S.C. § 271(e)(2) by Mylan's submission of Mylan's ANDA to the FDA;

      iii.      A judgment ordering the effective date of any FDA approval of commercial manufacture, use, or sale of the ANDA Product, or any other drug product the use of which infringes the Patents-in-Suit, be not earlier than the expiration dates of the Patents-in-Suit, inclusive of any extension or additional period of exclusivity pursuant to 35 U.S.C. § 271(e)(4)(A);

      iv.      A preliminary and permanent injunction enjoining Mylan, and all persons acting in concert with Mylan, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of the ANDA Product, or any other drug product whose use is covered by the Patents-in-Suit, prior to the expiration of the Patents-in-Suit, inclusive of any extension or additional period of exclusivity;

      v.      A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

      vi.      Costs and expenses in this action; and

      vii.      Such further and other relief as this Court may deem just and proper.

<table>
<tr><td>Dated: March 26, 2025</td><td>Respectfully submitted,<br><br>By: /s/ Daniel R. Higginbotham<br>Daniel R. Higginbotham (WV Bar No. 11680)<br>**THOMAS COMBS & SPANN, PLLC**<br>300 Summers St., Suite 1380<br>P.O. Box 3824<br>Charleston, WV 25338-3824<br>Phone: (304) 414-1800<br>dhigginbotham@tcspllc.com<br><br>OF COUNSEL<br>Harvey Bartle IV (*PHV forthcoming*)<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>502 Carnegie Center<br>Princeton, NJ 08540-6241<br>Phone: (609) 919-6600<br><br>Michael J. Abernathy (*PHV forthcoming*)<br>Wan-Shon Lo (*PHV forthcoming*)<br>Maria Doukas (*PHV forthcoming*)<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>110 North Wacker Drive<br>Chicago, IL 60606-1511<br>Phone: (312) 324-1000<br><br>Margaret A. McGreal (*PHV forthcoming*)<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>2222 Market Street<br>Philadelphia, PA 19103<br>Phone: (215) 963-5000<br><br>*Attorneys for Plaintiffs Salix Pharmaceuticals, Inc., Salix Pharmaceuticals, Ltd., Alfasigma S.p.A., and Bausch Health Ireland Ltd.*</td></tr>
</table>